■ BETTY H. SWEET, Individually and as Parent of GEORGETTE DOWNES, an Infant, Respondent, v. JAMES BORDIS, an Infant, by MURIEL BORDIS, His Parent, et al., Defendants and Third-Party Plaintiffs-Appellants; ROBERT KUMPAN, Third-Party Defendant-Respondent.— Appeals from four judgments of the Supreme Court, entered May 2, May 3 and May 31, 1974 in Fulton County, upon verdicts rendered at a Trial Term, in favor of plaintiffs and defendant Bordis and third-party defendant Kumpan. In this automobile

negligence action defendants City of Gloversville, Gloversville Urban Renewal Agency and Callanan Road Improvement Company raise two issues on appeal. They urge that the verdict of no cause of action in favor of defendant Bordis was against the weight of the evidence and that the verdict in favor of plaintiff Georgette Downes was excessive. Defendant Bordis appeals from the award of costs against him in favor of third-party defendant Kumpan. The accident occurred when a motorcycle being driven north on North Main Street by defendant Kumpan, with the infant plaintiff as a passenger, and a car being driven east on Grand Street collided at the intersection. At the time of the accident, there were no traffic control devices at the intersection, although prior thereto, there had been a legally installed stop sign for eastbound traffic on Grand Street approaching Main Street, which had been removed by Callanan in the course of construction pursuant to contract with the appellants agency and city. The appellants concede liability based upon the removal of the sign, but argue that codefendant Bordis should also have been found negligent. Appellants urge that Bordis did not decrease his speed upon entering the intersection and that, as he was approaching an uncontrolled intersection from the left, Bordis was bound to yield to the motorcycle upon which the infant plaintiff was riding (Vehicle and Traffic Law, § 1140, subd. [b]). There is evidence in the record that Bordis was traveling at a reasonable speed and that he was the first to enter the intersection (Vehicle and Traffic Law, § 1140, subd. [a]). This is verified to some extent by the fact that the motorcycle struck the right front of the Bordis car. The court will not overturn a jury verdict unless it appears that, in light of the testimony, reasonable men could not have reached the jury's determination (*Buemi* v. *Mariani,* 41 A D 2d 1002). The jury in this case could reasonably have concluded that defendant Bordis was not negligent and that the sole cause of the accident was the absence of a stop sign. Appellants further contend that the award of $75,000 in damages to the infant plaintiff Georgette Downes was excessive. The infant underwent three operations, was confined in a cast for over two months and missed a semester of high school, although with tutoring she graduated with her class. Her medical bills were $3,440.64. The permanent injuries she suffered include a quarter-inch shortening of her left leg, a laxity of the fibula head, and other injuries which require her to wear a corrective shoe. She also suffered a scar below the knee. Less than seven months after the accident, her physician permitted her to resume light gym at school. On this record we do not find the verdict excessive. In respect to the contention of defendant Bordis that it was error for the judgment dismissing the third-party action to tax costs against him, an infant at the time of trial, he correctly states that CPLR 1205 mandates that, absent court order, costs cannot be taxed against an infant. Judgments entered May 2 and May 31, 1974 affirmed, with costs. Judgment entered May 3, 1974 modified, on the law and the facts, without costs, by reversing so much thereof as awarded costs in favor of the third-party defendant Kumpan against the infant and third-party plaintiff Bordis. Herlihy, P. J., Greenblott, Sweeney, Kane and Larkin, JJ., concur.